# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>AMADA EDITH WINSHIP,<br><br>*Defendant.* | Case No. CR-21-278-RAW |

## ORDER

The Defendant has been charged in this case with the following four counts:

(1) Assault with intent to commit murder in Indian Country in violation of 18 U.S.C. §§ 113(a)(1), 1151, and 1153;
(2) Assault resulting in serious bodily injury in Indian Country in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153;
(3) Assault with a dangerous weapon with intent to do bodily harm in Indian Country in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153; and
(4) Use, carry, brandish, and discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (iii).[*]

Now before the court is the Defendant's motion to dismiss multiplicitous counts [Docket No. 29]. The Defendant argues that Counts One, Two, and Three are multiplicitous because they are based on a single alleged act of criminal behavior – shooting C.B. with a handgun. The Defendant further argues that three separate charges for a single act creates a strong possibility of confusing the jury and encouraging a compromising verdict.

---

[*] A Superseding Indictment was filed on November 9, 2021. The only change is to Count Four. In the original Indictment, the Government cited the charges in Counts One, Two, and Three as predicate offenses for Count Four. In the Superseding Indictment, only the charges in Counts One and Three are listed as predicate offenses for Count Four.

Counts One, Two, and Three are not multiplicitous, as the elements the Government must prove for each are unique. *See United States v. Mier-Garces*, 967 F.3d 1003, 1012 (10th Cir. 2020) (citing *Blockburger v. United States*, 284 U.S. 299 (1932). In *Mier-Garces*, the Tenth Circuit recently reaffirmed a long line of cases recognizing the *Blockburger* test. Under the "same-elements test," the court "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Id*.

Any possible confusion can be remedied with a proper jury instruction, as requested by the Defendant, clearly explaining that the presence of three separate assault charges should not be understood as alleging three separate acts of assault. Additionally, should the Defendant be convicted as to two or more of these counts at trial, the court will not allow multiplicitous sentences. The Government concedes that an appropriate remedy for any multiplicity issues at sentencing would be to proceed only on the greatest offense and to dismiss any remaining multiplicitous counts. Accordingly, Defendant's motion to dismiss multiplicitous counts [Docket No. 29] is hereby DENIED.

Also before the court is the Defendant's motion to dismiss Count Four for failure to state an offense [Docket No. 30]. The Defendant argues that assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6) – the crime charged in Count Two – is not a crime of violence. As such, the Defendant argues that Count Four, which cited the charge in Count Two as a predicate offense, is flawed and must be dismissed. The Defendant's motion is based on the Supreme Court's recent decision in *Borden v. United States*, 141 S.Ct. 1817 (2021) holding that if an offense requires only a *mens rea* of recklessness (a less culpable mental state than purpose or knowledge), it is not a "violent felony." The Government conceded this change in law and that the charge in Count Two cannot be a predicate offense for Count Four. As indicated in the

court's footnote above, the Superseding Indictment solved this issue by removing the charge in Count Two as a predicate offense for Count Four. Accordingly, the Defendant's motion to dismiss Count Four for failure to state an offense [Docket No. 30] is also DENIED.

**IT IS SO ORDERED** this 15th day of November, 2021.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**